UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAMES PINKOWSKI,<br><br>                               Plaintiff,<br>     v.<br><br>HOWMEDICA OSTEONICS CORP.,<br><br>                              Defendant. | Civil Action No.<br><br>(*Removed from the Supreme Court of New York, County of Chautauqua, Index No. EK1202100154*)<br><br>**NOTICE OF REMOVAL** |

**TO THE JUDGES OF THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK:**

     **PLEASE TAKE NOTICE** that Defendant Howmedica Osteonics Corp. ("HOC"), hereby files this Notice of Removal of the above-captioned action from the Supreme Court of the State of New York, County of Chautauqua, Index Number EK12021000154, pursuant to 28 U.S.C. §§1332, 1441 and 1446, on the basis of the facts set forth below:

     1.     Upon information and belief, on or about February 1, 2021, James Pinkowski filed a Summons and Complaint against HOC in the Supreme Court of the State of New York, County of Chautauqua, Index Number EK12021000154. (A copy of the Summons and Complaint served on HOC is attached hereto as Ex. "A".)

     2.     HOC was served via its registered agent CT Corporation System on June 24, 2021. (*See* Ex. A.) Therefore this Notice of Removal is properly filed within 30 days after service of the Summons and Complaint upon HOC.

     3.     According to the Complaint, Plaintiff seeks to recover monetary damages for personal injuries under various theories of torts and products liability based upon the "design, research, development, testing, assembling, manufacturing, packaging, labeling, preparing,

distributing, marketing adversicing, promoting, supplying, and/or selling" of a total hip replacement component known as the LFIT V40 Femoral Head (the "LFIT V40"). [1] (*See* Ex. A, Compl., ¶ 4.) Plaintiff alleges that he underwent implantation of the LFIT V40 on or about April 21, 2008. (*Id*. at ¶ 46.) Plaintiff claims he "experienced severe symptoms, including but not limited to, pain and suffering and loss of mobility" related to the LFIT V40 and further alleges he required a revision surgery to address these symptoms. (*Id.* at ¶ 49.)

    4.    As shown below, the parties are of diverse citizenship:

        (a)    Plaintiff is a resident of Chautauqua County, New York; (*id.* at Summons.)

        (b)    Defendant HOC is a New Jersey corporation with its principal place of business in Mahwah, New Jersey and is improperly identified in the Summons as maintaining its principal place of business in Michigan; however, even if the improperly identified principal place of business were correct, the parties would still be completely diverse; and (*id.*)

        (c)    No other parties have been named in the Complaint.

Thus, the parties have the requisite diversity of citizenship as Plaintiff is a citizen of New York whereas HOC is a citizen of New Jersey.

    5.    Based upon the nature of the Plaintiff's claimed injuries and damages, the $75,000 amount in controversy requirement of 28 U.S.C. §1332 has been satisfied. Plaintiff seeks an unspecified amount in compensatory, economic, and punitive damages, which he claims "exceeds the jurisdictional limitations of all lower courts that would otherwise have jurisdiction in this action." (*See* Ex. A, Compl., Prayer for Relief at 20; ¶¶55, 60, 64, 69.) *See* NY Judiciary Law §

---

[1] The LFIT V40 is the subject of a pending Multidistrict Litigation consolidated in the District of Massachusetts (MDL No. 2768, *In re: Stryker Orthopaedics LFIT V40 Femoral Head Products Liability Litigation*). A copy of the April 5, 2017 Transfer Order of the United States Judicial Panel on Multidistrict Litigation, centralizing proceedings in all actions involving the LFIT V40 in MDL No. 2768 in the District of Massachusetts, is attached as Exhibit "B".

190(a) (noting jurisdictional limit for New York County civil court is $25,000). Plaintiff's Complaint and prayer for relief, however, set forth a litany of demands that, when taken together, clearly exceed the $75,000 amount in controversy threshold required by 28 U.S.C. §1132. Specifically, Plaintiff requests:

>  (a) Unspecified compensatory damages;
>  (b) *Punitive damages* against HOC;
>  (c) *Economic damages* against HOC; and
>  (d) *Costs and disbursements* associated with this action.

(*See* Ex. A, Compl., ¶¶ 55, 60, 64, 69; Prayer for Relief at 20). Moreover, Plaintiff's complaint alleges he "sustained severe, debilitating and *permanent*" injuries associated with the LFIT V40 and the alleged revision surgery. (*Id.* at ¶¶ 55, 60, 64, 69 (emphasis added).) Plaintiff further alleges that he has "sustained pain and loss of enjoyment of life, and will continue to suffer such losses *into the future*." (*Id.* at ¶ 50 (emphasis added).) Accordingly, when Plaintiff's requested relief is taken in the aggregate, it appears to a "reasonable probability" that the claimed amount in controversy can reasonably be said to exceed $75,000. *See Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir.1994) (noting it must appear to a "reasonable probability" that claim is in excess of $75,000); *see also Scherer v. Equitable Life Assurance Society of U.S.*, 347 F.3d 394, 397 (2d Cir. 2003) (noting "rebuttable presumption that the face of the complaint is a good faith representation of the actual amount in controversy" (quoting *Wolde-Meskel v. Vocational Instruction Project Cmty. Servs., Inc.*, 166 F.3d 59, 63 (2d Cir. 1999))).

5. As of this date, HOC has not filed a responsive pleading.

6. This Notice of Removal is being filed in the United States District Court for the Western District of New York, the District Court of the United States for the district and division within which the state court action is pending, as required by 28 U.S.C. §§1446(a) and 1441(a).

7.	Based upon the April 5, 2017 Transfer Order of the United States Judicial Panel on Multidistrict Litigation (Ex. "B", hereto), and the Panel Rules regarding tag-along actions (*see* Transfer Order, n. 2, referencing Panel Rules 1.1(h), 7.1 and 7.2), upon removal, this matter should be transferred to the District of Massachusetts as part of MDL No. 2768.

8.	Pursuant to 28 U.S.C. §1446(d), written notice of the filing of this Notice of Removal will be given to Plaintiff's counsel, and a copy of the Notice of Removal will be filed with the Clerk of the Supreme Court of the State of New York, County of Chautauqua, in the form attached hereto as Exhibit "C".

9.	This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure, as required by 28 U.S.C. §1446(a).

**WHEREFORE**, HOC respectfully requests that this action be duly removed to this Court, and that it be transferred to the District of Massachusetts for coordination in connection with MDL No. 2768.

**GIBBONS P.C.**
One Pennsylvania Plaza, 37th Floor
New York, NY 10119-3701

Attorneys for Defendant
Howmedica Osteonics Corp.

Dated:  July 12, 2021				By: /s/ Paul E. Asfendis